SEPEHR DAGHIGHIAN (SBN 239349)
sepehr@daghighian.com
LAW OFFICES OF SEPEHR
  DAGHIGHIAN, P.C.
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone: (310) 887-1333
Facsimile: (310) 887-1334

Attorneys for Plaintiff BAIL BUSTERS, INC.

MARK A. SAMUELS (S.B. #107026)
msamuels@omm.com
JORDAN P. RAPHAEL (S.B. #252344)
jraphael@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendants
ANDREW AMIR I. STERLING,
ANDREW STERLING BAIL BONDS,
INC., and INDIANA LUMBERMENS
MUTUAL INSURANCE COMPANY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAIL BUSTERS, INC., a California Corporation<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW AMIR I. STERLING, et al.,<br><br>　　　　　Defendants. | Case No. CV-10-02150 DMG (JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[CHANGES MADE BY COURT]<br><br>**Hon. Dolly M. Gee** |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Bail Busters, Inc. ("Plaintiff") and Defendants Andrew Amir I. Sterling, Andrew Sterling Bail Bonds, Inc., and Indiana Lumbermens Mutual Insurance Company (collectively, "Defendants") as follows:

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production and disclosure of certain documents and information pertaining to the parties' financial information, competitive information, personnel information, product development, or other kinds of commercially sensitive or proprietary information, which require special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

**2. DEFINITIONS**

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, house counsel, corporate parents, subsidiaries, affiliates, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that the Producing Party or Designating Party believes in good faith constitutes proprietary information, competitively or commercially sensitive information, or otherwise non-publicly available information, the disclosure of which without restriction would be detrimental to that party in the conduct of its business, that is not, or has not: (a) become public knowledge, as shown by publicly available writings, other than through violation of the terms of this Stipulated Protective Order; (b) is or was acquired lawfully by a non-designating party that has no obligation to the owner of the information; (c) is or was disclosed by a non-designating party with the approval of the designating party; or (d) is or has been independently developed by the Receiving Party.

2.4. <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. House Counsel: attorneys who are employees of a Party, perform exclusively legal services, and are not engaged in competitive decisionmaking.

2.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been or may be retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Following the conclusion or termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

# 5. DESIGNATING PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Stipulated Protective Order shall limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If a Party or a non-party concludes that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties in writing that it is withdrawing the incorrect designation.

5.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a) and section 5.3, below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the

1 inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Stipulated Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

(b) <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identifies on the record, before the close of the deposition, all protected testimony, and further specifies any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days from the date of receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). When this right has been invoked, the transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the sooner of: (a) 20 days from the date of receipt of the transcript; or (b) the date that the specific portions of testimony for which protection is sought have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and such designations have been served. The foregoing applies only if the above-mentioned 20-day period is invoked. Only those portions of the testimony

that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3. <u>Inadvertent Production or Failure to Designate</u>.

(a) An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. In the event that any document or thing qualifying for designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is inadvertently produced without the proper designation, the Producing Party shall identify such document or thing promptly in writing after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or verify in writing that it has destroyed all copies of the document or thing in its previously undesignated or misdesignated form.

(b) In the event that any document or thing containing or constituting privileged attorney-client communications or attorney work product is inadvertently produced, the Producing Party shall notify the Receiving Party

promptly in writing after it is discovered that the privileged material was inadvertently produced for inspection or provided, and upon receipt of such notification the Receiving Party shall promptly return to counsel for the Producing Party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing. The inadvertent production of any document or thing for which a claim of attorney-client privilege or work-product doctrine is subsequently asserted by the Producing Party shall not constitute a subject matter waiver of a valid claim of privilege or work-product doctrine as to any other document or thing in the possession of the Producing Party, or as to any communication or information within the knowledge of the Producing Party.

(c) In the event that a Receiving Party receives a document or thing containing privileged attorney-client communications or attorney work product that the Receiving Party believes has been inadvertently produced, the Receiving Party shall notify the Producing Party promptly in writing after it is discovered that the privileged material may have been inadvertently produced for inspection or provided. If the Producing Party has notified the Receiving Party of inadvertent production hereunder, or has confirmed the inadvertent production called to its attention by the Receiving Party, the Receiving Party shall promptly return to counsel for the Producing Party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise of such document or thing. The inadvertent production of any document or thing for which a claim of attorney-client privilege or work-product doctrine is subsequently asserted by the Producing Party shall not constitute a subject matter waiver of a valid claim of privilege or work-product doctrine as to any other document or thing in the possession of the Producing Party, or as to any communication or information within the knowledge of the Producing Party.

5.4. <u>Knowing and Voluntary Disclosure of Privileged Material or Work Product</u>. The knowing and voluntary disclosure of a document, thing, or communication, or of information that would otherwise be protected by the attorney-client privilege or the work-product doctrine, shall constitute a waiver of attorney-client privilege or work-product doctrine only as to the specific topic contained in the document, thing, communication, or information disclosed. In no event will the waiver described in this paragraph include: (a) any document, thing, communication, or information communicated to or from or prepared by or on behalf of any Outside Counsel (or their agents) representing either party in this litigation; or (b) any document, thing, communication, or information communicated to or from or prepared by or on behalf of House Counsel or any other Outside Counsel of either party for purposes of this litigation.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1. <u>Timing of Challenges</u>. Any challenge to a Designating Party's confidentiality designation shall be made as promptly as the circumstances permit.

    6.2. <u>Meet and Confer</u>. A Party wishing to challenge a Designating Party's confidentiality designation shall begin the process by conferring directly with counsel for the Designating Party in accordance with Civil Local Rule 37-1. The challenging Party must explain why it believes the confidentiality designation is improper. The Designating Party shall have 5 days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation. A challenging Party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the Designating Party.

6.3. <u>Judicial Intervention</u>. If the parties are unable to informally resolve a challenge to a particular designation, the challenging Party may proceed pursuant to Civil Local Rules 37-2 and 37-3 and must identify in the submission to the Court the challenged material and set forth in detail the basis for the challenge. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(b) the Receiving Party's House Counsel, as well as employees of said House Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(c) the officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Stipulated Protective Order) (1) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who testify under oath to their agreement to be bound by this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information, and the persons who originally received the document in the ordinary course of business.

7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(b) the Receiving Party's House Counsel, as well as employees of said House Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(c) experts (as defined in this Stipulated Protective Order) (1) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation; and

(f) the author of the document or the original source of the information, and those persons reasonably believed to have received the document or be knowledgeable about its contents in the ordinary course of business.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served by a non-party with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) no more than ten court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the non-party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the non-party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is included in any legal paper (i.e., a paper intended to be filed with the Court) served in this action,

whether appended as an exhibit or incorporated into a pleading, affidavit, declaration, memorandum of law or other legal document, shall be subject to the terms of this Stipulated Protective Order, and such information may be disclosed by the Receiving Party only to those persons identified in paragraph 7.2 above (with respect to information designated as "CONFIDENTIAL") or paragraph 7.3 above (with respect to information designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY). Any legal paper, document or thing filed with the clerk of the Court that contains any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be, and shall be submitted for filing under seal in accordance with Civil Local Rule 79-5.1 and with a cover sheet bearing the caption of this action and containing the following notice:

**CONFIDENTIAL – SUBMITTED FOR FILING UNDER SEAL BY ORDER OF THE COURT. FILED PURSUANT TO COURT ORDER TO BE OPENED ONLY AS DIRECTED BY THE COURT**

Notwithstanding the foregoing, a second copy of any legal paper specifically intended for review by the Court may be hand-delivered to the Court's chambers for review provided that the cover page of the legal paper be marked with the caption of the case and the notation:

**CONTAINS CONFIDENTIAL INFORMATION**

Notwithstanding the foregoing, where a party wishes to include in a legal paper a writing containing information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," but the confidential information contained in such writing is not relevant to the purpose for which the writing is being offered to the Court, the party including such writing in a legal paper may, in lieu of the procedures set forth

above, submit a redacted copy of the writing.  In such event, the redaction must be indicated by placing the designation "REDACTED - CONFIDENTIAL INFORMATION" in the place(s) on the writing in close proximity to where the confidential information would have appeared.

Except for material filed with the clerk of the Court or delivered to the Court as provided above, all materials containing information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be stored under the direct control of counsel for the receiving party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulated Protective Order.

Nothing contained in this Stipulated Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any other party or the Court.  Nothing herein shall operate as any admission by any of the parties hereto that any particular materials contains or reflects trade secrets, or other confidential or proprietary information.

**11. EXPERT MATERIALS**

The parties agree not to seek discovery of drafts of Expert reports and declarations.  The parties also agree not to seek discovery of and not to challenge a failure to preserve notes created by or for an Expert in connection with preparation of his or her Expert report or declaration unless the Expert relies on such notes and such reliance is made explicit in the Expert's report, declaration, or testimony.  The parties further agree not to seek discovery of and not to challenge a failure to preserve written communications between a Party's Counsel and such Party's testifying Expert unless the Expert relies on such communications and such reliance is made explicit in the Expert's report, declaration, or testimony.

**12. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must destroy all Protected Material of the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, electronic files, compilations, summaries or any other form of reproducing or capturing any of the Protected Material of the Producing Party. Upon destruction, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material of the Producing Party. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

**13. DISCLOSURE OF PROTECTED MATERIAL BY NON-PARTIES**

Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Order by (a) designating that information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order; and (b) signing a copy of this Stipulated Protective Order. Any non-party who invokes the protection of this Stipulated Protective Order shall also be bound by its obligations.

## 14. MISCELLANEOUS

14.1 <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3 <u>Exclusive Jurisdiction</u>.  This Court shall have the exclusive jurisdiction to enforce any disputes arising out of this Stipulated Protective Order.

| | |
|---|---|
| SEPEHR DAGHIGHIAN<br>LAW OFFICES OF SEPEHR<br>  DAGHIGHIAN, P.C. | MARK A. SAMUELS<br>JORDAN P. RAPHAEL<br>O'MELVENY & MYERS LLP |
| By:  /s/ Sepehr Daghighian | By:  /s/ Mark A. Samuels |
| *Attorneys for Plaintiff Bail Busters, Inc.* | *Attorneys for Defendants Andrew Amir I. Sterling, Andrew Sterling Bail Bonds, Inc., and Indiana Lumbermens Mutual Insurance Company* |

Dated: Los Angeles, California
     May 25, 2011

IT IS SO ORDERED:

_____/s/_____
Hon. Jacqueline Chooljian
United States Magistrate Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAIL BUSTERS, INC., a California Corporation | Case No. CV-10-02150 DMG (JCx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| ANDREW AMIR I. STERLING, also known as ANDREW STERLING, also known as AMIR ISRAEL, an individual; ANDREW STERLING BAIL BONDS, INC., a California Corporation; INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, an Illinois Corporation; and DOES 1 through 10, inclusive, Defendants. | **Hon. Dolly M. Gee** |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the above captioned case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction and venue of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action, and understand that the Court may impose sanctions for any violation of the attached Stipulated Protective Order.

Date:_____

                      Printed name:

                      _____

                      Signature:

                      _____